1

2                                                                          O

3   I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
    FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
    (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
4   RECORD IN THIS ACTION ON THIS DATE.

5   DATED: ___1/21/09___

6   DEPUTY CLERK

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  LASANCE RAVON            )    Case No. EDCV 09-064-CAS (RNB)
    DOUGLAS,                 )
12                           )
                Petitioner,  )    ORDER SUMMARILY DISMISSING
13          vs.              )    PETITION FOR WRIT OF HABEAS
                             )    CORPUS FOR LACK OF SUBJECT
14  CHARLES HARRISON,        )    MATTER JURISDICTION
    Warden,                  )
15                           )
                Respondent.  )
16  _____  )

17         On January 12, 2009, petitioner filed a Petition Under 28 U.S.C. § 2254 for

18  Writ of Habeas Corpus by a Person in State Custody herein.  It appears from the face

19  of the Petition that it is directed to the same 1994 Riverside Superior Court conviction

20  as the prior habeas petition filed by petitioner in this Court on July 3, 1997, in CV 97-

21  4874-JMI (RNB).  On November 20, 1997, Judgment was entered in CV 97-4874-JMI

22  (RNB) denying the petition and dismissing the action with prejudice, based on the

23  Magistrate Judge's conclusion that the petition was time barred.  Petitioner did not file

24  a notice of appeal from that Judgment.

25         The Petition now pending is governed by the provisions of the Antiterrorism

26  and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act")

27  which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C.

28  § 2244(b) to read, in pertinent part, as follows:

1

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as petitioner's prior habeas petition in Case No. CV 97-4874-JMI (RNB), within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter

1   jurisdiction.[1]  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert.

2   denied, 538 U.S. 984 (2003).

3          For the foregoing reasons, IT IS ORDERED that this action be summarily

4   dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

5   United States District Courts.

6          LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8   DATED:      January 16, 2009

9                                        *Christina A. Snyder*

10

11                                       CHRISTINA A. SNYDER
                                         UNITED STATES DISTRICT JUDGE

12

    Presented by:

13

14          /S/

    Robert N. Block

15  United States Magistrate Judge

16   _____

17          [1]     The Court notes that this is the fourth time since the denial of his 1997

18  federal habeas petition that petitioner has filed another federal habeas petition without

19  first securing an order from the Ninth Circuit authorizing the District Court to
    consider the petition. On December 1, 2000, petitioner filed another habeas petition

20  in this Court directed to his 1994 Riverside Superior Court conviction. That case (i.e.,

21  Case No. CV 00-12680-CAS (RNB)) was dismissed for lack of subject matter

22  jurisdiction on December 11, 2000. Petitioner did not appeal from that dismissal. On
    March 3, 2005, petitioner filed another habeas petition in this Court directed to his

23  1994 Riverside Superior Court conviction. That case (i.e., Case No. EDCV 05-0182-

24  CAS (RNB)) was dismissed for lack of subject matter jurisdiction on April 5, 2005.
    Although petitioner purported to appeal from the judgment of dismissal, his requests

25  for a Certificate of Appealability were denied in turn by this Court and the Ninth

26  Circuit.  On July 27, 2007, petitioner filed another habeas petition in this Court
    directed to his 1994 Riverside Superior Court conviction. That case (i.e., Case No.

27  EDCV 07-0916-CAS (RNB)) was dismissed for lack of subject matter jurisdiction on

28  August 2, 2007. Petitioner did not appeal from that dismissal.